FILED
United States Court of Appeals
Tenth Circuit

May 21, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOEL DEMONDE POLK,

        Petitioner - Appellant,

    v.

DAVID PARKER, Warden,

        Respondent - Appellee.

No. 07-6261
(W.D. Oklahoma)
(D.C. No. CV-07-416-C)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

This matter is before the court on Joel Demonde Polk's pro se requests for

a  certificate of appealability ("COA") and for permission to proceed on appeal *in*

*forma pauperis*.  Polk seeks a COA so he can appeal the denial of his 28 U.S.C.

§ 2254 habeas corpus petition.  28 U.S.C. § 2253(c)(1)(A) (providing no appeal

may be taken from a "final order in a habeas corpus proceeding in which the

detention complained of arises out of process issued by a State court," unless the

petitioner first obtains a COA).  We **grant** Polk's request to proceed *in forma*

*pauperis*.  Nevertheless, because Polk has not "made a substantial showing of the

denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal.  *Id.* § 2253(c)(2).

Polk was convicted in Oklahoma state court of one count of attempted second degree burglary after previous convictions of two or more felonies.  He was sentenced to a thirty-year term of imprisonment.  After exhausting his state court remedies, Polk brought the instant § 2254 habeas petition raising the following four claims: (1) his conviction is not supported by sufficient evidence; (2) the trial court's sentencing instructions were erroneous; (3) the prosecutor engaged in misconduct at trial, depriving him of a fair proceeding; and (4) trial counsel was ineffective in (a) failing to impeach a prosecution witness with his grand jury testimony, (b) failing to object to the trial court's sentencing instruction, and (c) failing to object to the prosecutor's allegedly improper questions and comments.  Polk's § 2254 petition was assigned to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).

The magistrate judge issued a comprehensive Report and Recommendation, recommending that Polk's § 2254 petition be denied.  Applying the standards set out in the AEDPA, the magistrate judge reviewed the trial record and concluded the state court's resolution of Polk's sufficiency claim was not contrary to or an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and was not based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  The magistrate judge concluded Polk's claim of instructional error

failed because the trial court's sentencing instruction was consistent with state law and thus presented no federal habeas issue. Okla. Stat. tit. 21, § 51.1(c) (providing for a maximum sentence of life imprisonment for habitual offenders); *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000) (holding that federal habeas review of a state sentence "ends once we determine the sentence is within the limitation set by statute"). The magistrate judge concluded Polk's claims of prosecutorial misconduct failed because the questions and comments of the prosecutor were proper avenues of cross-examination and/or comments on the evidence adduced at trial. Finally, the magistrate judge noted that Polk's claims of ineffective assistance as to the failure to object to the sentencing instructions and failure to object to the prosecutor's improper comments failed because those underlying claims failed on the merits. As to Polk's ineffective assistance claim relating to trial counsel's failure to impeach a witness with his grand jury testimony, the magistrate judge concluded that in light of the evidence presented at trial, Polk could not demonstrate any prejudice flowing from this error. The district court adopted the Report and Recommendation and dismissed Polk's petition.

To be entitled to a COA, Polk must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Polk has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Polk need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having reviewed Polk's application for a COA and appellate filings,[1] the magistrate judge's Report and Recommendation, the district court's Order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Polk is not entitled to a COA. The district court's resolution of Polk's § 2254 petition is not reasonably subject to debate and the issues Polk seeks to raise on appeal are not adequate to deserve further proceedings. In particular, we note that we have nothing to add to the magistrate judge's exceedingly well-stated Report and Recommendation.

---

[1]We hereby **grant** Polk's motion for leave to supplement his pleadings.

Accordingly, for those reasons set out in the magistrate judge's report and recommendation and the district court's Order, this court **DENIES** Polk's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk